### MARY MILLER v. JOHN FEENANE.

A person in possession of land declared that "it was hers as long as she lived, but after her death it was Mr. Miller's." *Held*, that this declaration was competent evidence against those claiming under the possessor, and that it tended to prove that the possession was not adverse to Mr. Miller's title to the property after the death of the declarant.

In ejectment. On case certified from the Mercer Circuit.

Argued at June Term, 1887, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER, DIXON and REED.

For the plaintiff, *George D. Scudder.*

For the defendant, *C. H. Beasley.*

The opinion of the court was delivered by

DIXON, J. John Miller and Henry Heintz, being the owners of adjoining houses and lots in Trenton, entered into a written agreement, dated December 30th, 1852, which provided that "so long as said Heintz owns said house and lot conveyed to him, he shall and may occupy and enjoy that part of the lot in the rear of said Miller's house as it now stands fenced off, until such times as he shall sell and dispose of the same to any other person."

Henry Heintz entered into possession under said contract, and died in possession before 1863. At his death, he devised

his said house and lot to his wife, Bridget, for life, and she thereupon took possession of the same and also of said part of the Miller lot, which she retained until her death in 1885. During her lifetime she leased the premises to the defendant, who is still in possession.

The plaintiff is the devisee of John Miller, who died a short time ago.

Sometime between 1863 and 1875, Bridget Heintz, while in possession of the property, declared that "the piece of land (meaning the rear portion of the Miller lot) was hers as long as.she lived, but at her death it was Mr. Miller's." Between 1875 and 1880, she declared that that strip of land did not belong to her.

In 1886 the plaintiff brought, in the Mercer Circuit, an action of ejectment for the rear portion of the Miller lot, and the defendant insisted that Bridget Heintz had acquired a good title against the plaintiff by adverse possession.

The cause was certified to this court for its advisory opinion on the questions :

First. Whether the original entry of Bridget Heintz upon the strip of land in controversy was hostile, or by permission of the owner, John Miller.

Second. Whether or not the possession of said strip of land by Bridget Heintz and the tenants holding under her was adverse and so continued for the statutory period of time.

In order that the possession of land may be adverse, it must be in denial of the title of the true owner, or with an intention to make title against him. *Foulke* v. *Bond*, 12 *Vroom* 527. If, therefore, the possession be in recognition of and submission to the title of the true owner, in whole or in part, it will to the same extent not be adverse.

Whether the possession is adverse or is in recognition of and submission to the title of the true owner, may be legally shown by the declarations of the possessor during his possession, according to either of two well-settled rules of law. One is that when the acts of persons are evidence, their cotemporaneous declarations, giving character to those acts, are also

evidence as part of the *res gestæ*.    *Luse* v. *Jones*, 10 *Vroom* 707.    The other is that the declarations of a person in pos-session of land which tend to limit his title, are competent evidence against those claiming under him.    *Townsend* v. *Johnson*, 2 *Penn.* 706 ; *Horner* v. *Stillwell*, 6 *Vroom* 307 ; *Doe* v. *Langfield*, 16 *M. & W.* 497 ; 1 *Phil. on Evid.* 313.

In the present case the declaration of Bridget Heintz, made during her possession and while John Miller was the legal owner, to the effect that the land in controversy was hers as long as she lived, but at her death was Mr. Miller's, was competent evidence against the defendant, and tended to prove that the original entry of Mrs. Heintz had not been hostile to the title of John Miller in the reversion at her death, and that her possession was in recognition of and submission to such a title, and not adverse thereto.    There being no evidence to the contrary, the Circuit Court should be advised that the entry of Bridget Heintz was not hostile to, and her possession was not adverse to, the title which the present plaintiff sets up.